UNITED STATES
DISTRICT OF MINNESOTA
Criminal No. 23-cr-367(3) (JMB/JFD)

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.

Quijuan Hosea Bankhead,

      Defendant.

**DEFENDANT QUIJUAN HOSEA BANKHEAD'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM EXECUTION OF A SEARCH OCCURRING AT 27 ACKER STREET WEST, UNIT 2, SAINT PAUL, MN**

_____

The above-named Defendant, Quijuan Hosea Bankhead ("Defendant" or "Bankhead"), by and through his attorney, Glenn P. Bruder, Mitchell, Bruder and Johnson, hereby moves the Court for an Order suppressing evidence obtained by the government from execution of a search warrant dated February 22, 2023 permitting the search and seizure of Defendant's residence at the above-stated address. Defendant contends the application for the warrant: (a) lacked probable cause, and (b) was unconstitutionally overbroad. Defendant also asserts the searching agents exceeded the scope of the search warrant by seizing multiple stuffed animals which were neither identified specifically or generally within the warrant.

The factual basis underlying this motion is as follows:

1.      On February 22, 2023, Ramsey County Sheriff's Deputy Cody L. Amberg submitted a sworn application for a search warrant of 27 Acker Street West, Unit 2, St. Paul, Minnesota to Ramsey County District Court Judge Nicole Starr.

2.      Judge Starr signed a search warrant authorizing the search of 27 Acker Street West, Unit 2, St. Paul, Minnesota that same date.

3.      Defendant contends the application failed to provide probable cause to justify a

search as required by the Fourth Amendment to the United States Constitution. In particular:

a.      *Confidential Informant.* The application mentioned that Deputy Amberg was
relying on information supplied by a confidential informant (CI) who identified
the Defendant based on a Minnesota ID photograph. None of the information in
the application demonstrated more than a casual acquaintance between the CI and
Bankhead. For example, the CI was able to supply law enforcement with
Bankhead's address and identify his automobile. This is not highly confidential
information and provides no evidence that Bankhead and the CI were linked in
any type of criminal activity. Beyond these innocuous facts, the affidavit contains
nothing but a bare accusation of wrongdoing against Bankhead unaccompanied by
the type of specific information buttressing the CIs credibility or an averment
from the officer of the CI's proven prior veracity.

b.      *Surveillance.* The surveillance reported by Deputy Amberg in the application
failed to provide any evidence of criminal activity. For example, on February 19,
2023, Deputy Amberg observed Bankhead emptying trash into a garbage can at
this location. That is not intrinsically criminal or suspicious behavior for a tenant
or a property owner. Similarly, while Deputy Amberg attempted to portray the
Defendant's interactions with others near his home as indicative of drug dealing
activity, the application is, once again, bereft of specific details supporting the
deputy's conclusion. There is no representation that Bankhead was seen exiting
the premises with any containers which might hold narcotics, that Bankhead was
seen engaging in a hand-to-hand exchange with persons visiting his home or that
any of the guests or other persons encountered by Bankhead left the premises with
containers (including plastic or paper bags) which might conceal narcotics.

4.      Even if the application itself was sufficient to justify a search of the property,

Defendant contends that the application failed to create probable cause to justify the seizure of

Bankhead's cell phone. The only allegation set forth in the application related to a cell phone is

Deputy Amberg's blanket statement that "…drug dealers frequently use cell phones and other

similar devices to conduct illegal drug sales…" It is noteworthy that the CI, who purportedly had

contact with Bankhead, made no allegation that any of their transactions were orchestrated using

cell phones. Instead, it appeared that the CI claimed that Bankhead verbally provided him/her

with instructions at the Defendant's home. There was no information or assertion from

surveillance activity that Bankhead was ever seen speaking on a cell phone or that the

purportedly suspicious individuals visiting Bankhead's residence were seen speaking on a cell phone. Moreover, the warrant application made no effort to describe the specific "past experience and training" received by Deputy Amberg which justified his blanket assertion that drug dealers invariably use cell phones and similar devices to conduct their business.

5. The Defendant further contends the seizure of "multiple stuffed teddy bears" from the master bedroom of the premises exceeded the scope of the warrant. Although the warrant broadly permitted a host of seizures, nothing in the warrant or application mentioned stuffed animals, children's toys or any similar items of personal property. Accordingly, law enforcement agents clearly exceeded the scope and authority of the warrant in taking possession of this property and subjecting it to further ion testing.

6. Although government agents, to their credit, sought state court search warrants authorizing forensic examination of Defendant's cell phone, the Defendant asserts that law enforcement agents did not lawfully come into possession of this property and, accordingly, the government's illegal seizure of the cell phone cannot be remedied by this subsequent effort.

WHEREFORE, Defendant Quijuan Hosea Bankhead respectfully requests the Court grant this motion and suppress the materials derived from execution of this warrant.

Dated: March 27, 2024

Respectfully submitted,

MITCHELL, BRUDER & JOHNSON
*/s/ Glenn P. Bruder*
Attorney for Defendant
9531 West 78th Street
Suite 210
Eden Prairie, MN 55344
(952) 831-3174