UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Quijuan Hosea Bankhead,<br><br>    Defendant. | Case No. 23-CR-00367(3) (JMB/JFD)<br><br>**ORDER** |

Timothy Campbell Warner, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Glenn P. Bruder, Mitchell, Bruder & Johnson, Eden Prairie, MN, for Defendant Quijuan Hosea Bankhead.

Defendant Quijuan Hosea Bankhead raises an Objection (Doc. No. 258) to United States Magistrate Judge John F. Docherty's Report and Recommendation (R&R) issued on July 25, 2024 (Doc. No. 251), which recommends denial of Bankhead's motion to suppress evidence. (Doc. No. 168.) In addition, Bankhead requests reconsideration of the decision denying his motion for disclosure of the confidential informant. (Doc. No. 167.) For the reasons set forth below, the Court overrules the Objection, adopts the R&R, and affirms the denial of the disclosure motion.

1

## BACKGROUND

The factual background for this matter is provided in the R&R and is incorporated here by reference. An abbreviated background is set forth below for purposes of reviewing the pending Objection and request for reconsideration.

In August 2022, a confidential informant reported to Ramsey County Sheriff's Deputy Cody Amberg that Quijuan Hosea Bankhead was trafficking narcotics in the Twin Cities area. (Gov. Ex. 1 at 2.)[1] The informant disclosed that they had retrieved fentanyl pills from Bankhead's St. Paul home and delivered them to various locations provided by Bankhead. (*Id.*) On several occasions in January and February 2023, Amberg conducted physical surveillance outside Bankhead's home in which he observed "short term traffic consistent with drug trafficking" in and out of the dwelling. (*Id.* at 4.) Based on this information, Amberg applied for a warrant to search Bankhead's home.

Ramsey County Judge Nicole Starr issued a search warrant for Bankhead's residence. (Gov. Ex. 1 at 8.) The warrant authorized agents to seize illegal narcotics as well as "[i]tems used or possessed for the purposes of distributing and/or consuming controlled substances" including scales, paraphernalia, syringes, plastic baggies, bankbooks, and deposit slips, among other objects. (*Id.*) On February 27, 2023, law enforcement officers searched Bankhead's home. (*Id.* at 11.) The search did not yield any controlled substances, but officers did seize an array of items including three firearms, several rounds of ammunition, cash, a cell phone, a laptop, and "multiple stuffed teddy

---

[1] The Government submitted the application, search warrant, and the receipt and return as Government's Exhibit 1 during the April 29, 2024 hearing. (*See* Doc. No. 200.)

bears" found in the master bedroom. (*Id.*) The search warrant did not specifically mention stuffed animals, despite Amberg's knowledge at the time that drug traffickers sometimes used stuffed animals to transport or hide illegal drugs.

In December 2023, Bankhead was indicted alongside eight codefendants for conspiracy to distribute fentanyl. (Doc. No. 1 at 1.) Bankhead has filed several pretrial motions including a motion to suppress evidence and a motion for the disclosure of the confidential informant. (Doc. Nos. 167, 168.) On April 29, 2024, the Magistrate Judge held a hearing on Bankhead's pretrial motions. (Doc. No. 201.) In July 2024, the Magistrate Judge issued the R&R, in which he recommended denial of the motion to suppress, finding that the warrant was supported by probable cause and that the seizure of the stuffed animals was proper under the plain view doctrine. (Doc. No. 251 at 7–13.) The Magistrate Judge also denied Bankhead's motion for disclosure of the confidential informant. (*Id.* at 4–7.)

## DISCUSSION

### A.   Recommendation to Deny Bankhead's Motion to Suppress

Bankhead argues that the seizure of the stuffed animals was unlawful because the search warrant had no explanation or mention of the practice of smuggling controlled substances through stuffed animals. (Doc. No. 258 at 4–7.) This argument is not responsive to the issues and analysis in the R&R because the Magistrate Judge justified the seizure under the plain view doctrine. *See, e.g.*, *United States v. Williams*, 77 F.4th 1197, 1200 (8th Cir. 2023) (upholding warrantless seizure under the plain view doctrine); *United States v. Johnson*, 707 F.2d 317, 322–23 (8th Cir. 1983) ("This circuit, however, has

3

consistently applied the rule [under the plain view doctrine] that the warrantless seizure of [evidence] is not necessarily unlawful notwithstanding that the discovery was anticipated and that a warrant could have been obtained") (internal quotations omitted); *United States v. Cutts*, 535 F.2d 1083, 1084 (8th Cir. 1976) ("We have previously held lawful the warrantless seizure of weapons or contraband during the course of an otherwise authorized search, notwithstanding that the discovery was anticipated and that a warrant could have been obtained."). Accordingly, the Court overrules Bankhead's Objection because it does not relate to the Magistrate Judge's plain-view-doctrine analysis or otherwise call into question the justification for the seizure.

Moreover, based on a de novo review of the R&R, *see* 28 U.S.C. § 636(b)(1), the Court agrees with the Magistrate Judge's unobjected-to analysis. The plain view doctrine permits law enforcement to seize objects beyond the warrant if three conditions are satisfied: "(1) the officer lawfully arrived at the location from which he or she views the object, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." *See United States v. Saddler*, 19 F.4th 1035, 1041–42 (8th Cir. 2021). Bankhead does not dispute that the officers were lawfully present in the bedroom during the search or that the stuffed animals were in their plain view. (Doc. No. 212 at 8.) Only the second prong of the doctrine is contested. (*Id.* at 9.)

For the "incriminating character" of the stuffed animals to be "immediately apparent," law enforcement officers need "probable cause to associate the property with criminal activity." *United States v. Figueroa-Serrano*, 971 F.3d 806, 811 (8th Cir. 2020) (quotation omitted). Probable cause requires only "a 'practical, nontechnical'

4

probability that incriminating evidence is involved." *United States v. Cowan*, 674 F.3d 947, 953 (8th Cir. 2012) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)). Seemingly innocent items may be properly seized if their criminal uses were well known to law enforcement at the time of seizure. In *Texas v. Brown*, for example, the Supreme Court approved the warrantless seizure of a green party balloon because the officers seizing the item had specific knowledge at the time that such balloons were commonly used to transport drugs. 460 U.S. at 741-43; *see also United States v. Clay*, 579 F.3d 919, 932 (8th Cir. 2009) (approving the warrantless seizure of victim's clothes wherein "the incriminating nature of the items seized was immediately apparent" to the seizing officer based on her years of professional experience and involvement with the case); *United States v. Murphy*, 69 F.3d 237, 242 (8th Cir. 1995) (affirming the seizure of glass bottles, beakers, and chemicals where "their incriminating nature as contraband was immediately apparent to officers entering the house"). *Cf. United States v. Arredondo*, 996 F.3d 903, 907–08 (8th Cir. 2021) (affirming grant of motion to suppress where government submitted no evidence to suggest that deputy had any specialized knowledge or experience to link the seized items with criminal activity).

      Here, the record establishes that law enforcement agents had probable cause to link the seized stuffed animals to criminal drug activity. Amberg testified that, at the time of seizure, he had recently observed postal inspectors intercepting similar stuffed animals containing M30 fentanyl pills shipped from Arizona, the same substance and origin point believed to be at issue in the Bankhead investigation. (Doc. No. 206 at 16–17, 20; Gov. Ex. 1 at 8.) He further testified to his knowledge of several other instances predating the

seizure in which stuffed animals containing narcotics were seized by law enforcement officials. (Doc. No. 206 at 25:7–26:10.) This knowledge provides a sufficient basis to support a finding that Amberg had probable cause to associate the stuffed animals with illegal drug activity in the February 2023 search.

Because the seizure satisfies all three prongs of the plain view doctrine, the Magistrate Judge did not clearly err, the Objection is overruled, and the recommendation of the Magistrate Judge is adopted.

**B.      Decision Denying Motion for Disclosure of the Confidential Informant**

Bankhead also seeks reversal of the Magistrate Judge's decision to deny his motion for disclosure of the confidential informant. (Doc. No. 258 at 3.) Given the applicable standard of review, the Court declines to reverse the Magistrate Judge's decision.

Reversing a nondispositive decision of a magistrate judge requires application of an "extremely deferential" standard of review. *See Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). A court will reverse only if the order is found to be clearly erroneous or contrary to law, 28 U.S.C. § 636(b)(1)(A), meaning that the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Smith v. Bradley Pizza, Inc.*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018), *aff'd*, 821 F. App'x 656 (8th Cir. 2020) (quotations omitted). A ruling is contrary to law when the ruling "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

Here, the Magistrate Judge found that the confidential informant's participation in the illegal conspiracy had ceased before the informant began cooperating with law enforcement and thus concluded that the informant was not "a material witness in any

sense." (Doc. No. 251 at 7.) *See United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987) (affirming denial of disclosure where informant was a tipster rather than a material witness). Bankhead contends that the Magistrate Judge erred in denying the motion because he believes that the Government artificially delayed the alleged start date of the conspiracy "specifically to avoid the government's disclosure obligation." (Doc. No. 258 at 4.) Bankhead warns that permitting this alleged manipulation would undermine the holding of *Carpenter v. Lock*, 257 F.3d 775 (8th Cir. 2001). (Doc. No. 258 at 3.)

The Court finds this argument unpersuasive for two reasons. First, Bankhead's argument is based on speculation and he presented no evidence to support the theory that the Government manipulated the start date of the conspiracy in bad faith.

Second, the argument mischaracterizes the Magistrate Judge's order, which does not contravene *Carpenter* or any other applicable law. *Carpenter* counsels that the decision whether to disclose the identity of a confidential informant is a fact-specific balancing test in which the defendant's "right to prepare his defense" is weighed against "the public interest in protecting the flow of information." 257 F.3d at 779; *see also Roviaro v. United States*, 353 U.S. 53, 62 (1957) (setting forth the balancing test for disclosure); *Bourbon*, 819 F.2d at 860 (holding that disclosure of confidential informant is not required "unless it is vital to a fair trial"). Contrary to Bankhead's argument, the Magistrate Judge issued a reasoned opinion, supported by consideration of binding case law. (*See* Doc. No. 521 at 4–7 (citing *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (reversing district court order to disclose informant's identity where informant had made controlled buys but was not a material witness for the government)*, and United States v. Hollis*, 245

7

F.3d 671, 674 (8th Cir. 2001) (affirming denial of defendant's motion to disclose, explaining that the identity of a confidential informant "whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion.").) Because there is no clear error, the Court declines to reverse the order.

## ORDER

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Quijuan Hosea Bankhead's Objection to the Report and Recommendation (Doc. No. 258) is OVERRULED;

2. The Order and Report and Recommendation (Doc. No. 251) is ADOPTED;

3. Bankhead's Motion to Suppress Evidence (Doc. No. 168) is DENIED; and

4. The decision denying Bankhead's Motion for Disclosure of the Confidential Informant (Doc. No. 167) is UPHELD.

Dated: September 23, 2024

*s/ Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court